IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 3:18-cr-5-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| **MICHAEL CLARENCE HOOD** | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924, 21 U.S.C§ 853, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- Approximately $4,052.90 in U.S. currency and thirteen (13) firearms and ammunition seized during the investigation on January 21, 2015. The firearms include: one Ruger Security .357 magnum handgun, serial number 15524749; one Sig Sauer P229, serial number AE31552; one Colt Python .357 magnum handgun, serial number 15026E; one Smith & Wesson .38 special handgun, serial number 58431; one Colt M1991A1 .45 caliber handgun, serial number CP07794; one Colt .38 special handgun, serial number B24103; one Colt Diamondback .38 special handgun, serial number D54222; one Colt Python .357 magnum handgun, serial number 86939; one Colt Frontier Scout .22 caliber revolver, serial number 60899P; one Smith & Wesson .45 caliber handgun, serial number SW4928; one Colt Cobra .38 special handgun, serial number A78656; one Colt Trooper MKIII .22 caliber firearm, serial number Y9071; one Smith & Wesson .38 caliber handgun, serial number 8911; one Smith & Wesson .45 caliber handgun, serial number N843856; one Colt Police Positive B32 firearm, serial number 167724; one Colt MK IV Series 80 firearm, serial number RC93493; one Ruger LC9 9mm handgun, serial number 32303786; one Smith & Wesson firearm, serial number TE57577; one Smith & Wesson .32 long, serial number 24484; one Smith & Wesson H&R .32, serial number BB003316; one Smith & Wesson .32 long, serial number 78171; one Smith & Wesson .38 special, serial number 56633; and one H&R Model 929, serial number AJ50588.

- Approximately $2,311 in U.S. currency and two firearms and ammunition seized during the investigation on October 16, 2017. The firearms include: one Beretta handgun, model 1945, serial number 776170; and one Glock handgun, model 23, serial number VZP760.

- The real property located at 518 Cottrell Hill Road, Lenoir, North Carolina.

- All funds in Capital Bank Financial Company accounts #xxxx0976 (F/B/O J.M.H.), #xxxx0984 (F/B/O T.L.H, #xxxxxx0062 (F/B/O A.J.E.), and #xxxxx0556 (F/B/O M.B.H.), such accounts held in the name of, by, on behalf of, or for the benefit of Defendant Michael Clarence Hood.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to

further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
MICHAEL CLARENCE HOOD
Defendant

_____
ELIZABETH BLACKWOOD, ESQ.
Attorney for Defendant

Signed this the 20th day of February 2018.

_____
THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE

3