# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00005-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL CLARENCE HOOD, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 43) ("Motion"). Defendant seeks a time served sentence and modification of his supervised release in light of his age, health conditions, and the outbreak of COVID-19. For the reasons set forth below, the Court will deny Defendant's Motion.

## I. BACKGROUND

On February 20, 2018, Defendant pled guilty to two counts of possession with intent to distribute controlled substances and one count of possession of a firearm during and in relation to a drug-trafficking crime. (Doc. Nos. 16, 18). Defendant was sentenced to a total of 60 months of imprisonment on July 11, 2018. He is currently incarcerated at Butner Federal Correctional Institution Low in Butner, North Carolina.

In his current Motion, Defendant requests that the Court reduce his sentence to time served and modify the terms of his supervised release due to the seriousness of COVID-19. (Doc. No. 43, at 1-4). Defendant is 59 years old and claims that he suffers from "medical conditions that include Type 2 Diabetes mellitus with diabetic neuropathy; hyperlipidemia; Intellectual Disability (moderate); facial nerve disorder; cranial nerve disorder; essential (primary) hypertension;

1

esophagitis; constipation; and lower back pain."[1] *Id.* at 3. Defendant attached to his Motion a form from the Bureau of Prisons (BOP) listing these health problems. *Id.* at 7. He claims that the time he has already served is sufficient to accomplish the goals of sentencing and that he should be released especially in light of his age, illness, and other debilitating conditions. *Id.* at 4.

## II. LEGAL STANDARD

A defendant may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a defendant seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*

As amended by the First Step Act, a Court may modify or reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission has defined certain "extraordinary and compelling reasons" that would warrant a modification or reduction by a court. *See* U.S.S.G. § 1B1.13, n.1. The Sentencing Commission has provided that a sentence may be modified due to a defendant's medical condition, age, or family circumstances and defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n.1 (A)-(C). There is also a "catch-all" provision that allows for a sentence modification upon a showing of "extraordinary and compelling reasons other than, or

---

[1] At the time Defendant's Presentence Investigation Report was prepared, he was reported to have heart issues from 2009 that resulted in stents on the left and right side of his heart. However, there is no evidence of further heart complications in the list of medical conditions provided by the Defendant and Defendant himself does not list a heart condition as a reason for compassionate release.

2

Case 5:18-cr-00005-KDB-DCK   Document 44   Filed 04/30/20   Page 2 of 5

in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n.1 (D). A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t).

### III.  DISCUSSION

Here, it is unclear whether Defendant has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). He claims that he has exhausted his remedies and attached a letter from the Bureau of Prisons denying his request for a reduction of his sentence in support of his contention. However, the last paragraph of the letter informs Defendant that he "may commence an appeal of this decision via the administrative remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." *Id.* Thus, it appears that Defendant had further administrative remedies he could, and should, have pursued before petitioning this Court for a reduction in his sentence. Even if this Court were to determine that Defendant had exhausted his administrative remedies through the BOP, Defendant's release is not appropriate because he cannot establish "extraordinary and compelling reasons [to] warrant such a reduction" under Section 3582(c)(1)(A)(i).

Defendant has only two avenues through which he could pursue his request for compassionate release: (1) showing that he suffers from a serious physical or medical condition, serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover, *see* U.S.S.G. § 1B1.13 n.1 (A)(ii); and, (2) the catch-all provision, *see* U.S.S.G. § 1B1.13 n.1 (D). In the letter from BOP denying Defendant's request for compassionate release, BOP determined that although Defendant had medical conditions he is "medically stable and independent in [his] activities of daily living."

(Doc. No. 43, at 8). Defendant does not appear to have overly serious health issues, and notably he does not claim that he is unable to provide self-care while incarcerated. *See United States v. Minor*, No. 3:17-CR-224-MOC, 2020 WL 1987117 (W.D.N.C. Apr. 27, 2020). Thus, Defendant has not shown that he suffers from a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1 (A)(ii).

Further, Defendant has not shown why he is at any increased risk of contracting COVID-19 beyond those that are faced by the federal prison population as a whole. *United States v. Turner*, No. 3:09-CR-00018, 2020 WL 1917833, at *8 (W.D. Va. Apr. 20, 2020) (finding that the defendant had not shown why he was at higher risk for contracting COVID-19 than the general prison population, even when there were confirmed cases at his prison). While there are confirmed cases at Butner, Defendant drastically overstates them.[2] Moreover, the Bureau of Prisons has a shared desire for a safe and healthy prison environment and has acted on that desire by instituting various health and safety regulations. *See COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (describing the initiatives BOP has instituted across the country to combat the spread of COVID-19); *see also United States v. Raia*, No. 20-1033, 2020 WL 164922 (3d Cir. Apr. 2, 2020) (same); *United States v. Feiling*, No. 3:19CR112, 2020 WL 1821457 (E.D. Va. Apr. 10, 2020) (same). For example, BOP has limited access to prisons, restricted prisoner movements within prisons, used screening and testing, sought to educate inmates and staff on preventing the spread of the disease, begun providing masks and hand cleaners, separated ill

---

[2] Defendant asserts that 58 inmates tested positive, 26 staff members tested positive, and 4 inmate deaths occurred as a result of COVID-19 at Butner. However, in Butner's low security correctional institution, where Defendant is housed, there are only 12 confirmed cases amongst inmates and 3 confirmed cases amongst the staff. *See COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 30, 2020).

4

inmates, and—in appropriate cases—released inmates for home confinement under 18 U.S.C. § 3624(c)(2), as amended by § 12003(b)(2) of the CARES Act.

Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, the Court will not grant a motion for compassionate release based on COVID-19 concerns. For these reasons, Defendant has not shown that "extraordinary and compelling reasons" warrant his release.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. No. 43), is **DENIED**.

**SO ORDERED.**

Signed: April 30, 2020

Kenneth D. Bell
United States District Judge