IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00005-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CLARENCE HOOD,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Second Motion for Compassionate Release, (Doc. No. 45), which the Government opposes.

On April 23, 2020, Defendant filed a *pro se* motion for compassionate release citing his age, conditions at Butner Low FCI, and prior medical conditions putting him at risk of death from complications of a COVID-19 infection. The Court denied Defendant's motion on April 30, 2020. (Doc. No. 44). The decision was based on two grounds. First, Defendant had not exhausted his administrative remedies within the BOP. While Defendant had attached a letter from the BOP denying his request for compassionate release, Defendant did not show that he had exhausted his administrative appeals of the BOP's decision. Second, the Court denied Defendant's motion because he had not shown extraordinary and compelling circumstances. Defendant now brings a second motion for a modification in his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3852(c)(1)(A)(i). This time Defendant is represented by an attorney.

The new facts Defendant proffered in his second motion for compassionate release are: (1) that, as of May 25, 2020, Defendant "reports he contracted COVID-19 and has been placed in solitary confinement, is in respiratory distress, and not receiving any outside medical care;" (2) the

number of confirmed COVID-19 cases at Butner Low has drastically increased; and (3) he "has a home with his son suitable for home confinement or other measures short of continued incarceration at BOP." Defendant reiterates that he is 59 years old and suffers from high blood pressure, high cholesterol, heart issues, and diabetes. He also claims he has been treated for blockages in his leg since being in federal custody.

In response to Defendant's motion, the Government argues that Defendant has still failed to exhaust his administrative remedies within the BOP. The Government also attaches medical records from the BOP that show Defendant tested negative for COVID-19 on May 24, June 6, and June 8, which is in direct contradiction to Defendant's claim that he tested positive for COVID-19 on May 25. (Doc. No. 47-1).

A prisoner may bring a motion for compassionate relief before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is non-jurisdictional. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases). If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned if not raised by the Government in its response, and is otherwise subject to exceptions. *See United*

*States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020).

First and foremost, Defendant has failed to show that he has exhausted his administrative remedies as required under the compassionate release statute and does not argue that exhaustion of such remedies would be futile.[1] Second, Defendant has not provided any evidence beyond self-assertions and a mere list of ailments (with no description as to their severity) to support his conclusory assertions that he is at a heightened risk for death due to COVID-19. *See, e.g.*, *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims). Accordingly, the Court will deny Defendant's motion without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion for Compassionate Release, (Doc. No. 45), is **DENIED** without prejudice.

**SO ORDERED.**

Signed: June 23, 2020

Kenneth D. Bell
United States District Judge

---

[1] The Court expresses no view on whether exhaustion would be futile in Defendant's case. It does not reach the question because it was not asserted by Defendant.